The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR12-100RSM |
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| HERBCO INTERNATIONAL INC., EDWARD WILLIAMSON ANDREWS, III, DAVID WILLIAM LYKINS, JR., and DEBRA RAE HOWARD, | |
| Defendants. | |

The United States of America, by Jenny A. Durkan, United States Attorney, and Donald M. Reno, Jr., Assistant United States Attorney for the Western District of Washington, file this sentencing memorandum applicable to each of the four defendants.

## I
## INTRODUCTION

A hearing is scheduled on May 1, 2012, at 1:30 p.m. wherein the parties are respectfully requesting that the Court take guilty pleas from the four defendants, waive the presentence reports, and impose the sentences set forth in the plea agreements.

On April 13, 2012, a four count Information was filed charging the defendants with Immigration offenses related to hiring illegal aliens.

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 1
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The defendants are:

HerbCo International, Inc. (HerbCo) represented by Mr. J. Ronald Sim and Mr. Geoffrey G. Revelle,

Edward Williamson Andrews, III (Mr. Andrews) founder, president, and majority stockholder of HerbCo, represented by Mr. J. Ronald Sim,

David William Lykins, Jr. (Mr. Lykins) vice president of HerbCo, stock holder, and sales executive since the mid 1990s, represented by Mr. Laurence B. Finegold .

Debra Rae Howard (Ms. Howard) general manager since 2005, represented by Mr. Irwin H. Schwartz.

HerbCo is charged in Count I with 8 U.S.C. §1324(a)(1)(A)(iii) (harboring, concealing, shielding, alien) and in Count II with 8 U.S.C. §1324(a)(1)(A)(iv) (encouraging and inducing alien to reside). The maximum penalty is a fine of $500,000; a one to five year probationary term; and a $400 special assessment for each Count. The parties are recommending HerbCo be fined $500,000 per count, consecutively, for a total $1,000,000 fine to be paid over a five year probation term.

Mr. Andrews, Mr. Lykins, and Ms. Howard are charged in Count III with aiding and abetting a pattern and practice of employing illegal aliens in violation of 8 U.S.C. § 1324a(a)(2) and (f) and 18 U.S.C. § 2. For each defendant, the maximum penalty is six months; a $3,000 fine; and a $10 special assessment. The parties are recommending a one year term of probation, no restrictions on travel within the United States, and no fine.

None of the defendants have a criminal history.

## II
## THE INVESTIGATION

A. **Background of HerbCo and the Three Defendants**

HerbCo started as a family partnership in Duvall in the early 1990s growing and selling herb products in the Seattle area. Mr. Andrews acquired the HerbCo operation in

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 2
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1993 and registered it as a Washington corporation. He grew the business into an entity with a national presence in the organic herb market. With the growth of the business, the HerbCo employees were comprised primarily of Mexican nationals who were in the United States illegally.[1]

HerbCo farms more than 150 acres in the Duvall area growing herbs. The herb products are packaged and distributed from buildings located on the HerbCo property in Duvall. The HerbCo main office is also located in Duvall. HerbCo has affiliated operations in Michigan, Colorado, Texas, and Hawaii. HerbCo distributes its herb products to 2,700 grocery stores nationwide. Depending on the season, HerbCo employs 100-200 individuals at their Duvall location. The employees cultivate the herb products in the HerbCo fields and green houses. The herb products are packaged for distribution in a building attached to the HerbCo business office. HerbCo also distributes herbs at their Duvall site grown at affiliated operations in other states.

HerbCo's annual sales are approximately $25,000,000.

**B.  Summary of the HerbCo Investigation**

<u>The February 2011 Audit of HerbCo</u>

The Immigration Reform and Control Act (IRCA), passed in 1986, is the law governing the rules that require a prospective employee to present documents to an employer confirming the employee is qualified for employment in the United States as a lawful resident. IRCA established the Employment Eligibility Verification Form I-9 (I-9) as a mechanism to verify an employee is authorized to work in the United States and that the employer verified the employee's eligibility. Pursuant to the requirements of the I-9, a prospective employee at HerbCo was required to present specific identification documents, under penalty of perjury, that he/she was authorized to be employed in the

---

[1] Facts relating to this one year investigation were obtained through the sworn statements of 12 past and current HerbCo employees, Dunn and Bradstreet, Inc., and the HerbCo website at http://HerbCo.net/.

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 3
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  United States.  After examining the documents, the HerbCo representative was required
2  to attest, under penalty of perjury, the documents were genuine, they related to the named
3  employee and the employee was thereby authorized for employment in the United States.
4        Immigration and Customs Enforcement (ICE) is a sub-agency of the Department
5  of Homeland Security (DHS).  ICE is responsible for the enforcement of United States
6  immigration laws and auditing employers' compliance with the I-9 regulations.
7  Citizenship and Immigration Services (CIS) is also a sub-agency of DHS.  CIS is
8  responsible for maintaining alien registration files or  "A-files" on aliens in the United
9  States.  The A-file identifies an individual by name, alias, date of birth, and citizenship.
10 Records and documents related to an alien are maintained in the A-file.
11       On April 8, 2009, ICE received an anonymous tip on its national hotline number
12 that HerbCo was employing illegal aliens.  Nearly two years later on February 17, 2011,
13 acting on that anonymous tip, the Seattle ICE worksite audit group served notice on
14 HerbCo an I-9 compliance audit would be conducted.  The notice was served by Ms.
15 Kristina Eby, an ICE worksite auditor, who appeared at the HerbCo business office on
16 February 17, 2011, and spoke with Mr. Andrews.  At that time she explained the audit
17 procedure that would require HerbCo to deliver their I-9s to the ICE audit office in
18 Seattle.  On February 24, 2011, Mr. Andrews hand-delivered 334 I-9s to Ms. Eby.
19       On April 15, 2011, after completing the I-9 audit, Ms. Eby forwarded the results to
20 Mr. Andrews at the HerbCo business office in a letter entitled "Notice of Suspect
21 Documents."  This document is referred to as a "no match" letter.  The no match letter
22 informed HerbCo that of the 334 employees identified on the I-9s, 234 had presented
23 A-file numbers attesting registration with CIS.  Of these 234 I-9s with A-file numbers,
24 214 of them were fraudulent and did not match CIS records.  Because these 214 I-9 A-file
25 numbers did not correspond with the CIS records, the HerbCo employee using that A-file
26 number did not have authorization to obtain a Social Security Number.  The Social
27 Security Numbers submitted on these 214 I-9s were also fraudulent.  Consequently, the

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 4
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Notice of Suspect Documents or no match letter sent to HerbCo on April 15, 2011, informed HerbCo they could not continue to employ these individuals without securing valid documentation. HerbCo was advised if ICE made a mistake in assessing the status of the 214 employees, ICE should be contacted immediately for re-verification. In the absence of the re-verification request, the no match letter advised HerbCo they must inform the 214 employees of the ICE audit results. HerbCo was also advised in the no match letter that the continued employment of these 214 individuals could result in the imposition of civil and criminal sanctions.

<u>The April 18, 2011, Employee Meeting at HerbCo</u>

On April 18, 2011, HerbCo announced the ICE no match audit results to their employees. Mr. Andrews spoke to the employees on behalf of HerbCo. Mr. Lykins and Ms. Howard were present. Approximately 60 HerbCo employees were then informed that each of them were named in the no match letter. Mr. Andrews told the employees they had to secure valid documents to comply with the I-9 documentation requirements. Mr. Andrews also informed the assembled employees they had three days for submitting valid documentation or their employment would be terminated.

On April 21, 2011, all of the employees named in the no match letter were dismissed from their employment. On April 26, 2011, Ms. Eby (the ICE I-9 auditor) received HerbCo's written response to the no match letter stating that of the 214 named in the I-9 audit only 86 were employed on April 18, 2011. HerbCo further represented that these 86 employees had been dismissed and were no longer employed as of April 21, 2011.

<u>HerbCo's Recalls the Dismissed Employees</u>

The dismissal of the 86 employees left HerbCo without experienced workers to package the herb products. HerbCo had anticipated the impact the ICE audit would have on their packaging production. Thereby, HerbCo contracted with Labor Ready to provide replacement workers. Labor Ready utilizes the E-Verify database system linked to the

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 5
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Social Security Administration (SSA) to assure that the employees it provides to employers have a Social Security Number that matches the name and number registered with the SSA. Despite the presence of Labor Ready employees in equal number to replace the dismissed illegal alien employees, it became readily apparent to Mr. Andrews, Mr. Lykins and Ms. Howard the Labor Ready employees did not have the packing skills needed to keep pace with customer orders. This packaging disruption caused immediate complaints from the HerbCo customers and threatened existing and future contracts. Time was of the essence in correcting this critical packing disruption.

In response to this predicament, Ms. Howard told several HerbCo office employees that she had devised a scheme to work around the loss of the experienced employees in the packing facility. Ms. Howard's plan was to contact the most productive employees from the 86 that were dismissed on April 21, 2011, and ask them to return to work. Ms. Howard referred to these selected employees as the "A-Team." Ms. Howard's plan was to bring the A-Team back on Friday, April 22, 2011, a day after they had been dismissed. HerbCo office employees were informed by Ms. Howard the selected A-Team would be contacted telephonically by a HerbCo supervisor. According to Ms. Howard, the A-Team would return to their packing jobs on a newly created night shift. The plan included "shielding" the night shift workers from detection by Labor Ready employees who might report the activity to ICE.

The underpinning for implementing Ms. Howard's plan was executed late in the afternoon on Thursday, April 21, 2011. This was the same day the employees were dismissed. Ms. Howard directed one office worker and one supervisor, both illegal aliens who had been dismissed that day, to begin contacting other dismissed employees to solicit their immediate return. Once recruited, the A-Team started their first night shift April 22, 2011. The A-team shift started after the Labor Ready employees left the Herbco property. The night shift consisted of 20-25 of the dismissed employees. The A-Team worked selected nights through the rest of April and early June. They were paid in

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 6
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  cash. The cash was placed in envelopes with the names of the A-Team employee written
2  on the outside of the envelopes. Ms. Howard and Mr. Andrews withdrew cash from a
3  Duvall branch of Bank of America each time the cash payroll was due. Ms. Howard
4  either prepared the hand written envelopes herself or had someone on the office staff
5  complete the task. Ms. Howard, Mr. Andrews and Mr. Lykins counted the cash for the
6  designated envelopes. The envelopes were then made available at Ms. Howard's desk for
7  the night shift supervisors to pick-up and distribute to the A-Team.[2]

8  HerbCo bank records corroborated seven cash withdrawals from April 22, 2011,
9  through June 19, 2011. A total of $40,000 in cash was withdrawn from the HerbCo
10 account at Bank of America. The withdrawals were accounted for in the HerbCo
11 business records as a labor related expense.

## III
## WAIVING THE PRESENTENCE REPORT

The parties, through stipulations in the plea agreements, request that the Court waive the presentence reports. Fed. R. Crim. P. Rule 32(c)(1)(A)(ii) (presentence report waived if court can exercise sentencing authority from information in the record). None of the defendants have a criminal record. The sentencing memorandums of the parties set forth the relevant conduct and characteristics of the defendants.

A discussion of the applicable 18 U.S.C. § 3553(a) factors follow.

## IV
## SENTENCE RECOMMENDATIONS

A comprehensive study conducted by Bear Stearns Asset Management in 2005 concluded 20 million illegal aliens reside in the United States. Other studies have estimated the actual number to be 20 to 38 million with 230,000 illegal aliens residing in

---

[2] The A-Team scheme came to the attention of ICE agents as a result of a HerbCo office employee who contacted ICE in May 2011. This office employee documented the scheme by taking pictures of the envelopes and cash paid to the A-Team workers; witnessed the money counting/envelope preparation by the individual defendants; and observed the A-Team night shift.

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 7
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

the State of Washington.[3] Bear Stearns cited other studies reporting 3 million illegal aliens enter the United States each year with 12 to 15 million employed, constituting 8% of the national workforce. *Id* at Bear Stearns Summary. The study also observed that the Census Bureau estimate of approxiamaetly10 million illegal aliens residing in the United States was undercounted and ". . . fall[s] short." *Id*. at 2.

In *United States v. Zheng*, 306 F.3d 1080, 1086-87 (11th Cir. 2002), the court observed:

> The foundation of § 1324 [brining in, transportation, harboring and encourage and inducing aliens] was Congress' acknowledgment that there was a severe problem with the employment of illegal aliens. In 1986, Congress passed the Immigration Control and Legalization Amendment Act, which revised § 1324(a). [citation to IRCA omitted]. IRCA was a major immigration reform initiative designed to deter aliens from entering [the United States] illegally. [citation and internal quotes omitted]
>
> ***
>
> Congress expressly noted the pervasive problem of illegal alien employment and its harmful effect on the American worker. Each time an employer hires an illegal alien, an American citizen loses an employment opportunity.

*Zheng*, at 1087.

This investigation established that since 2003 the employee at HerbCo responsible for assuring compliance with the I-9 regulations was herself an illegal alien and knowingly approved I-9s for other illegal aliens. While reasonable minds may differ to what extent the investigative facts established Mr. Andrews, Mr. Lykins, and Ms. Howard knew that 65% of the HerbCo work force consisted of illegal aliens (214 of 334 audited I-

---

[3] Bear Stearns "The Underground Labor Force Is Rising to the Surface" January 3, 2005 at http://www.steinreport.com/BearStearnsStudy.pdf ; Californians for Population Stabilization at http://www.capsweb.org/content.php?id=57 (home page, "Facts," "Illegal Immigration" 20 to 38 million); *Seattle Times*, February 1, 2011 "Illegal Immigrant Numbers in State Jump 35% in Three Years" (citing Pew Research Center reporting 230,000 illegal aliens residing in Washington)) at *http://seattletimes.nwsource.com*.

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD  - 8
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

9s were fraudulent), there is no denying they were fully aware of the illegal status of the A-Team.  On the other hand, it is equally clear the A-Team was created to function as a temporary hedge to bridge the packaging disruption created in the aftermath of the April 21, 2011, dismissal of their primary workforce.  The defendants resorted to this illegal re-hiring scheme because they believed HerbCo was in a perilous state.  They expected at some point the Labor Ready replacement workers would be able to master the skills necessary to deliver the HerbCo products in a timely manner to meet customer demands.  In that regard, the A-Team night shift was phased out of service in June 2011.  This was done without HerbCo principals knowing ICE had commenced a criminal investigation several months earlier in May 2011.

When the defendants became aware in September 2011 that a criminal investigation was under way, they were fully cooperative with ICE agents.  They did not attempt to discourage current or discharged employees (illegal aliens) from giving sworn statements to the AUSA directing ICE agents in the investigation.

Within the worksite universe of either the United States or the State of Washington, the defendants' conduct appears unremarkable only because of the sheer numbers of other culpable employers who have not been prosecuted for similar conduct.  Of 20 million illegal aliens residing in the United States and 230,000 in the State of Washington, 86 were employed at Herbco on April 15, 2011.

 The sentence recommended by the parties is sufficient but not greater than necessary to comply with the sentencing factors enumerated in 3553(a).  The defendants are unlikely to re-offend in the future.  The financial impact of this investigation and business disruption to HerbCo has been significant.  Nonetheless, the $1,000,000 fine is just punishment for a crime willfully committed solely to preserve Herbco's on-going viability.  While this $1,000,000 fine is substantial, Herbco has been a prosperous entity that will recover from this corporate misdeed and be able to amortize the fine over a five year probationary period.  Moreover, the $1,000,000 fine will be a clarion statement for

HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 9
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | other employers to ponder who are engaged in this same widespread criminal conduct.

2 | For these reasons, the government respectfully urges the Court to impose the sentences recommended by the parties.

## V
## APPEAL WAIVERS

As set forth in paragraph 13 of the Plea Agreements of Mr. Andrews, Mr. Lykins and Ms. Howard, they have waived their appeals to the sentence imposed in this case if the sentence does not exceed six months or a $3,000 fine.  The government respectfully requests that the Court notify the defendants, pursuant to Rule 32(j)(1)(B), they have waived their appeal rights except as to the effectiveness of legal representation. Otherwise, if the Court imposes a sentence exceeding six months or a $3,000 fine, the government respectfully requests the Court notify the defendants of their right to appeal the sentence as set forth in Title 18, United States Code, Section 3742.

As set forth in paragraph 17 of the Plea Agreement of HerbCo, if the Court imposes a fine that does not exceed $1,000,000, and a five year probationary term to pay the fine, the defendant has waived their appeal.  The government respectfully requests that the Court notify the defendant, pursuant to Rule 32(j)(1)(B), they have waived their appeal rights except as to the effectiveness of legal representation.  Otherwise, if the Court imposes a fine exceeding $1,000,000 and five years of probation for payment of the

//
//
//
//
//
//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 10
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

fine, the government respectfully requests the Court notify the defendant of their right to appeal the sentence as set forth in Title 18, United States Code, Section 3742.

DATED this 23rd day of April, 2012.

> Respectfully submitted,
>
> JENNY A. DURKAN
> United States Attorney
>
> *s/ Donald M. Reno, Jr.*
> DONALD M. RENO, JR.
> Assistant United States Attorney
> United States Attorney's Office
> 700 Stewart Street, Suite 5220
> Seattle, WA 98101-3903
> Telephone: (206) 553-4650
> Fax: (206) 553-0755
> E-mail: don.reno@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 11
CR12-100RSM

CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

s/JANET K. VOS
Janet K. Vos
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-5041
FAX:   (206) 553-0755
E-mail:  Janet.Vos@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM/
HERBCO INTERNATIONAL, INC.;
EDWARD WILLIAMSON ANDREWS, III;
DAVID WILLIAM LYKINS, JR;
DEBRA RAE HOWARD - 12
CR12-100RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970