Judge Ricardo S. Martinez

12-CR-00100-STIP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HERBCO INTERNATIONAL INC.,<br><br>Defendant. | NO. CR12-0100RSM<br><br>PLEA AGREEMENT<br><br>(Harbor, Conceal, Shield, Alien from Detection and Encourage, Induce Alien to Reside) |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Donald M. Reno, Jr., Assistant United States Attorney for said District, and Defendant, HERBCO INTERNATIONAL INC., and their attorney, J. Ronald Sim, enter into the following Agreement, pursuant to Fed. R. of Crim. P. 11(c)(1)(B):

1. <u>Waiver of Indictment</u>. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in the Information.

2. <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Information:

Defendant further understands that before entering its plea of guilty, Defendant's designated representative will be placed under oath. Any statement given by Defendant

PLEA AGREEMENT/HERBCO INTERNATIONAL, INC.
CR12-0100RSM   - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

under oath may be used by the United States in a prosecution for perjury or false statement.

3.  <u>Elements of the Offense</u>. As to Count I, Title 8, United States Code, Section 1324(a)(A)(iii) (harboring, concealing and shielding from detection), the elements of the offense are as follows:

<u>First</u>, a person knowingly or in reckless disregard of the fact that an alien was not lawfully in the United States harbored, concealed and shielded the alien from detection for the purpose of avoiding detection by immigration authorities;

<u>Second</u>, that person was an employee of Defendant's who acted within the scope of his/her employment; and

<u>Third</u>, the employee acted, at least in part, with intent to benefit the Defendant.

As to Count II, Title 8, United States Code, Section 1324(a)(A)(iv) (encouraging and inducing an alien to reside), the elements of the offense are as follows:

<u>First</u>, a person knowingly encouraged and induced an alien to reside in the United States while knowing or in reckless disregard of the fact the alien's residence in the United States was in violation of law;

<u>Second</u>, that person was an employee of Defendant's who acted within the scope of his/her employment; and

<u>Third</u>, the employee acted, at least in part, with intent to benefit the Defendant.

4.  <u>The Penalties</u>. Defendant understands the maximum statutory penalties for the offense of violating Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and (iv), *for each Count*, as charged in Counts I and II, are as follows:

(a) a fine of up to $500,000 -- Title 18, United States Code, Section 3571(c)(3); and

(b) a period of probation of one to five years -- Title 18, United States Code, Section 3561(c)(1); and

(c) a mandatory $400 penalty assessment -- Title 18, United States Code, Section 3013(a)(2)(B).

PLEA AGREEMENT/HERBCO INTERNATIONAL, INC.
CR12-0100RSM     -2-

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant agrees that the penalty assessment shall be paid on the day of sentencing.

Defendant further understands that the United States could seek forfeiture of certain property either as a part of the sentence imposed by the Court, or through civil judicial or administrative process, and that the United States could seek administrative fines and penalties in separate proceedings.

5. **Rights Waived by Pleading Guilty.** Defendant understands that, by pleading guilty, it knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty, and to persist in a plea of not guilty;

   b. The right to a speedy trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial;

   d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings and a sentence imposed inconsistent with the stipulation by the parties at paragraph seven, below.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to

PLEA AGREEMENT/HERBCO INTERNATIONAL, INC.
CR12-0100RSM    - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  provide just punishment for the offense; (4) the need for the sentence to afford adequate
2  deterrence to criminal conduct; (5) the need for the sentence to protect the public from
3  further crimes of the defendant; (6) the need to provide the defendant with educational
4  and vocational training, medical care, or other correctional treatment in the most effective
5  manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims;
6  and (9) the need to avoid unwarranted sentence disparity among defendants involved in
7  similar conduct who have similar records. Accordingly, Defendant understands and
8  acknowledges that:

9      a. The Court will determine Defendant's applicable Sentencing
10 Guidelines range at the time of sentencing;

11     b. After consideration of the Sentencing Guidelines and the factors in
12 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the
13 maximum term authorized by law;

14     c. The Court is not bound by any recommendation regarding the
15 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines
16 range offered by the parties or the United States Probation Department, or by any
17 stipulations or agreements between the parties in this Plea Agreement; and

18     d. Defendant may not withdraw a guilty plea solely because of the
19 sentence imposed by the Court.

20     7. Sentencing. The parties acknowledge and agree the appropriate sentence to
21 be imposed by the Court is a fine in the amount of $500,000 for Count I and $500,000 for
22 Count II, to be imposed consecutively, for a total fine of $1,000,000.

23 The parties further agree that the fine may be paid in non-interest bearing
24 installments as follows:

25     a) $50,000 within seven days of sentencing,
26     b) $150,000 each year for four years on the anniversary of the sentencing date, or
27 25% of the net profit, which ever is greater; and
28     c) the balance of the fine to be paid on the fifth anniversary of the sentencing date.

PLEA AGREEMENT/HERBCO INTERNATIONAL, INC.
CR12-0100RSM    - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The parties will recommend Defendant be placed on unsupervised probation for five years or until the $1,000,000 fine is paid in full.

8. <u>Sentencing Factors</u>. The parties agree and stipulate that the following Sentencing Guidelines (2011) provisions apply to this case:

    a. A base fine of $125,000 pursuant to USSG §§ 8C2.1 (base offense level 15 via § 2L1.1(a)(3) and (b)(2)(A)); 8C2.3(a) and 8C2.4(d) (offense level 15).

    b. A culpability net score of 5 per USSG § 8C2.5(a) (base of 5 points); (b)(4) (add two points); and (g) (subtract 2 points)

    c. A minimum and maximum fine of $125,000 to $250,000 (each count) per USSG § 8C2.6.

9. <u>Waiver of Presentence Report</u>. The parties agree to recommend that the Court waive the presentence report pursuant to Fed. R. Crim. P. Rule 32(c)(1)(A)(ii) and Defendant be sentenced at the time they enter their plea according to the agreement set forth in paragraph 7 of this Plea Agreement. The parties represent Defendant has no criminal history.

10. <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea and sentencing. Defendant admits guilt as charged in the offense and expressly waives any right to have these facts determined by a jury beyond a reasonable doubt.

    (a) Herbco International, Inc., (Herbco) is a closely held Washington corporation incorporated in 1993 doing business in Duvall, Washington, with affiliated operations in Michigan, Colorado, Texas and Hawaii. Herbco employs 100-200 employees to cultivate and package herb products sold nationally.

    (b) On April 15, 2011, Herbco received a letter from Immigration and Customs Enforcement (ICE) entitled Notice of Suspect Documents (Notice). The Notice followed a two month audit by ICE of Herbco's Employment Eligibility Verification Form I-9 (I-9) records. The Notice advised Herbco that 214 of their employees had provided fraudulent immigration documents and Social Security numbers on their I-9s. One of the individuals named in the Notice was MAC, a Mexican national, who was unlawfully residing in the United States and had been employed at Herbco since 2004.

    (c) On April 18, 2011, Herbco corporate officers advised the employees named in the Notice they could no longer continue to be employed at Herbco unless they

PLEA AGREEMENT/HERBCO INTERNATIONAL, INC.
CR12-0100RSM    - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

provided lawful documents by April 21, 2011, to correct the information previously provided on their I-9s. The required documents had to establish the employees named in the Notice were lawfully eligible for employment in the United States.

(d) On April 26, 2011, Herbco notified ICE the employees named in the Notice had been discharged and were no longer employed at Herbco.

(e) From April 22, 2011, through June 30, 2011, Herbco, through its employees and corporate officers, advised MAC he could remain an employee of Herbco despite the fact the Herbco corporate officers knew MAC was unlawfully residing in the United States. These same Herbco principals devised a scheme to pay MAC in cash in order that his illegal presence at Herbco could not be detected by ICE. They further instructed MAC how to conduct his employment activities in a manner that he would not be detected by ICE authorities during the course of his employment.

11. <u>Interdependence of Plea Agreement</u>. The parties agree that this Plea Agreement shall be conditioned upon the Court's acceptance of the Plea Agreement in the matter of *United States v. Edward Williamson Andrews, III*; *David William Lykins, Jr.*; and *Debra Rae Howard*, filed concurrent with this matter. Defendant understands, therefore, that this Agreement is part of a package plea agreement with the United States, to wit: if *Edward Williamson Andrews, III*; *David William Lykins, Jr.*; and *Debra Rae Howard*, do not enter into and plead guilty pursuant to their Plea Agreements, or if they subsequently seek to withdraw from their guilty pleas, then the United States will be free to withdraw from this Plea Agreement and will be free to seek additional charges against all parties for all crimes for which the United States has sufficient evidence.

12. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that if there is a Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

PLEA AGREEMENT/HERBCO INTERNATIONAL, INC.
CR12-0100RSM     - 6 -

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

13. <u>Voluntariness of Plea</u>. Defendant agrees that they have entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

14. <u>Statute of Limitations</u>. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

15. <u>Breach, Waiver, and Post-Plea Conduct</u>. Defendant agrees that if they breach this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if they are in breach of this Plea Agreement, Defendant has waived any objection to additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, they should engage in illegal conduct such as: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration. Such a sentence could include a

PLEA AGREEMENT/HERBCO INTERNATIONAL, INC.
CR12-0100RSM   - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

16. <u>Cooperation and Acceptance of Responsibility</u>. The United States acknowledges Defendant qualifies as an organization that has fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct pursuant to USSG § 8C2.5(g)(2) and is entitled to the two point reduction referenced above in paragraph 8(b).

17. <u>Waiver of Appeal</u>. As part of this Plea Agreement and on the condition that the Court imposes a sentence that does not exceed the $1,000,000 fine set forth above in paragraph 7, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts that were not charged pursuant to this Plea Agreement.

18. <u>Corporate Authorization</u>. Defendant represents that it is authorized to enter into this Agreement and to bind itself and any subsidiaries to the terms of this Agreement. On or before the date of entry and filing of the Plea Agreement, Defendant shall provide to the United States Attorney's Office and the Court a written statement, under corporate seal and properly authenticated under the laws of the State of Washington, certifying that Defendant corporation is authorized to enter into and comply with all the provisions of this Plea Agreement; that a representative of HERBCO INTERNATIONAL INC., has been authorized by Defendant to enter a guilty plea and attend the sentencing hearing on behalf of Defendant; and that Defendant and its authorized representative have observed

PLEA AGREEMENT/HERBCO INTERNATIONAL, INC.
CR12-0100RSM      - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  all required corporate formalities for such authorizations.

2      19.    <u>Application of the Agreement</u>.  This Agreement shall bind Defendant and its subsidiaries and affiliates, and all successors in interest, if applicable, and all successors and assigns.  Defendant shall provide immediate notice to the United States Attorney's Office of any corporate name changes; any reorganization or divestiture; or any other change impacting upon or affecting this Plea Agreement.  No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter Defendant's responsibilities under this Agreement.  Defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

    20.    <u>Completeness of Agreement</u>.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties.  This Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED this 17th day of April, 2012.

*[signature]*
HERBCO INTERNATIONAL INC.,
Defendant, by their attorney
J. Ronald Sim

*[signature]*
ROBERT WESTINGHOUSE
Assistant United States Attorney

*[signature]*
DONALD M. RENO, JR.
Assistant United States Attorney

PLEA AGREEMENT/HERBCO INTERNATIONAL, INC.
CR12-0100RSM    - 9 -

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970